**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MONIQUE DRAGOIU,

        Plaintiff,        CIVIL ACTION NO. 10-CV-11896

vs.

                           DISTRICT JUDGE DAVID M. LAWSON

HUD,                         MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

**CORRECTED ORDER ON ALIN DRAGIOU AND PLAINTIFF MONIQUE DRAGIOU'S MOTION FOR APPOINTMENT OF COUNSEL FOR MINOR CHILDREN (DOCKET NO. 38) AND MOTION TO RECONSIDER APPOINTMENT OF COUNSEL FOR ALL PLAINTIFFS (DOCKET NO. 39)**

These matters come before the Court on Alin Dragoiu and Plaintiff Monique Dragiou's Motion For Appointment Of Counsel For Minor Children (docket no. 38) and Motion To Reconsider Appointment of Counsel For All Plaintiffs (docket no. 39).[1] The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). All pretrial matters have been referred to the undersigned for decision. (Docket no. 6). The Court is ready to rule on these motions pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff Monique Dragiou is proceeding *pro se* and *in forma pauperis*. On April 4, 2011 the Court granted Plaintiff Monique Dragiou's motion to amend the complaint to add Alin Dragoiu,

---

[1] E.D. Mich. LR 7.1(h) provides that a motion for reconsideration must be filed within fourteen days after entry of the order. Alin Dragiou and Plaintiff Monique Dragiou's Motion To Reconsider Appointment Of Counsel For All Plaintiffs (docket no. 39) was filed more than 14 days after the Court denied Plaintiff Monique Dragiou's application for appointment of counsel. (Docket nos. 3, 5). The Court will construe the present motion as a Second Motion For Appointment Of Counsel.

1

Cristian Dragiou, and Sophia Dragoiu as Plaintiffs and name the United States as Defendant. (Docket no. 20). Monique Dragiou filed an amended *pro se* complaint on May 16, 2011. (Docket no. 28). She filed a second amended *pro se* complaint against the United States on May 19, 2011 on behalf of herself, Alin Dragiou, Cristian Dragiou, and Sophia Dragiou. (Docket no. 32).

Monique Dragiou is the only person who signed the amended complaints. The docket shows that Alin Dragiou and Monique Dragiou maintain separate residences. The proof of service attached to the amended complaints does not indicate that Alin Dragiou received notice of the filings. Federal Rule of Civil Procedure 11(a) requires that each party must sign every pleading personally if he or she is not represented by counsel. Monique Dragiou has not indicated that she is an attorney. A *pro se* plaintiff may not represent the interests of other plaintiffs in a lawsuit. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir.2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake). Therefore, because Alin Dragiou did not sign either of the amended complaints, he is not a Plaintiff in this action.

Cristian and Sophia Dragoiu are minors. A minor child cannot file a lawsuit in his or her own name. Furthermore, non-attorney parents cannot represent a minor in federal court proceedings. *Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir.2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."). Accordingly, Cristian and Sophia Dragiou are not properly before this Court.

In the present motions Plaintiff Monique Dragoiu moves for appointment of counsel for her minor children and for her family as a whole, to include herself, Alin Dragiou, Cristian Dragiou, and Sophia Dragiou. "[A]ppointment of counsel in a civil case is . . . a matter within the discretion of

the court." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir.1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir.1965)).  As previously stated, Monique Dragiou is proceeding *in forma pauperis*.  Alin Dragiou on the other hand is not a Plaintiff in this action and has not been granted leave to proceed *in forma pauperis*.  While this Court cannot appoint counsel directly, this matter can be referred to the *pro bono* program administrator in an effort to find counsel willing to undertake representation of Monique Dragiou on her own behalf and as Next Friend to her minor children.  The Court will therefore conditionally grant Plaintiff's motion to appoint counsel to represent Monique Dragiou on her own behalf and as Next Friend to her minor children, but will deny the request to appoint counsel to represent Alin Dragiou's interests.

**IT IS THEREFORE ORDERED** that Plaintiff Monique Dragiou's Motion To Reconsider Appointment of Counsel For All Plaintiffs (docket no. 39), construed as a Second Motion For Appointment Of Counsel, is **CONDITIONALLY GRANTED IN PART**.  The case will be referred to the Court's *pro bono* program administrator in an effort to find counsel willing to undertake representation of Monique Dragiou on her own behalf and as Next Friend to Cristian Dragiou and Sophia Dragiou.  If an attorney is found who will agree to undertake this representation an order of appointment will be entered.  Because the Court is conditionally granting in part the Motion To Reconsider Appointment of Counsel For All Plaintiffs (docket no. 39), the Motion For Appointment Of Counsel For Minor Children (docket no. 38) is **DENIED AS MOOT**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 6, 2010        s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Plaintiffs and Counsel of Record on this date.

Dated: June 6, 2010        s/ Lisa C. Bartlett
                           Case Manager