UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE DRAGOIU,
et al.,

               Plaintiffs,              CIVIL ACTION NO. 10-CV-11896

      vs.

                                     DISTRICT JUDGE DAVID M. LAWSON

UNITED STATES OF AMERICA,      MAGISTRATE JUDGE MONA K. MAJZOUB

               Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    This Court recommends that the Motion to Dismiss the Third Amended Complaint filed by Defendant United States (docket no. 94) be **GRANTED**.

**II.**    **REPORT:**

      Before the Court is the Motion to Dismiss the Third Amended Complaint filed by Defendant the United States of America. (Docket no. 94). Plaintiffs filed a response. (Docket no. 99). Defendant filed a reply. (Docket no. 102). Plaintiffs also filed supplemental briefs to which Defendant filed a response. (Docket nos. 104-106). This action has been referred for all pretrial matters. (Docket no. 6). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

      The facts of this case have been set forth in a prior Report and Recommendation and Order, and they will not be repeated here. Plaintiffs by way of counsel filed their third amended complaint against Defendant United States on November 30, 2011, alleging Negligence, Revocation, and

Declaratory Judgment.  (Docket no. 89).  Defendant now moves to dismiss the third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.  (Docket no. 94).  Defendant's motion raises the following arguments: (1) the Court lacks subject matter jurisdiction over Plaintiffs' claims against the Government sounding in contract, (2) Plaintiffs' claims sounding in tort are barred by the misrepresentation exception to the Federal Tort Claims Act ("FTCA"), (3) the action is barred because Plaintiffs failed to provide written notice of their claim to the appropriate agency within two years of accrual of the claim, (4) the claims are barred by the contractor exception to the FTCA, and (5) the Court lacks jurisdiction over the claims under the discretionary function exception to the FTCA's limited waiver of sovereign immunity.  Defendant also argues that Plaintiffs' claims for revocation and declaratory judgment fail to state viable causes of action under Rule 12(b)(6).

**B.    Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction.  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction.  *Id*.

When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).  To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under

2

some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation omitted). The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

## C.    Analysis

Defendant first argues that the Court lacks subject matter jurisdiction over Plaintiffs' claims that sound in contract. The Tucker Act grants the United States Court of Federal Claims exclusive jurisdiction over contract claims, and gives federal district courts concurrent jurisdiction over contract claims not exceeding $10,000 in amount. 28 U.S.C. § 1346(a)(2); *A.E. Finley & Assocs., Inc. v. United States*, 898 F.2d 1165, 1167 (6th Cir. 1990). Plaintiffs' third amended complaint seeks damages in excess of $685,000. (Docket no. 89.) Accordingly, the district court lacks jurisdiction over any such claim sounding in contract.

Defendant next argues that to the extent Plaintiffs' claims sound in tort they are barred under 28 U.S.C. § 2401(b) because Plaintiffs failed to present their claim in writing to the appropriate federal agency within two years of accrual of the claim. 28 U.S.C. 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.

To satisfy the claim requirement courts require proof of: (1) written notice sufficient to enable the appropriate agency to investigate; and (2) a value placed on the claim. *Glarner v. United States*, 30 F.3d 697, 700 (6th Cir. 1994) (citations omitted). A claimant may satisfy the requirements for filing a claim by completing and submitting form SF95, although "that particular form is not necessary for doing so." *Id.*

3

Plaintiffs submit an affidavit of their former attorney Steve Martin which states that Mr. Martin mailed a letter to HUD on behalf of Plaintiffs on February 23, 2005, four months after Plaintiffs took ownership of the subject property, addressing issues of toxic mold in the home. (Docket no. 105). Defendant responds by submitting the declaration of Ann D'Arpino, an attorney familiar with the records of administrative tort claims filed with HUD, which states that a search of HUD's records shows that HUD did not receive correspondence from Mr. Martin. (Docket no. 106, ex. A). Martin's affidavit does not include a copy of the letter he sent to HUD or indicate that he made a demand for a sum certain. Nevertheless, the affidavit raises a genuine issue of fact as to whether Plaintiffs properly presented their claim to the appropriate agency within the time allotted by statute. Accordingly, Defendant's Motion to Dismiss on the grounds that Plaintiffs failed to bring their administrative action within two years of accrual of the claim should be denied.

Next, Defendant argues that Plaintiffs' claims are barred by the misrepresentation exception and the contractor exception to the FTCA. "The Federal Tort Claims Act ... is a broad waiver of the federal government's immunity from liability for the torts of its employees while acting in the scope of their employment." *Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975). The Act is not without exceptions, however, with one such exception being that the FTCA specifically preserves the sovereign immunity of the United States with respect to claims arising out of misrepresentation or deceit. *Id.*; 28 U.S.C. § 2680(h). "The test in applying the misrepresentation exception is whether the essence of the claim involves the government's failure to use due care in obtaining and communicating information." *JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263 (11th Cir. 2000). Additionally, Congress carved out a contractor exception to the waiver of sovereign immunity whereby the United States cannot be held liable under the FTCA for the negligence of an

independent contractor.  28 U.S.C. § 2671; *United States v. Orleans*, 425 U.S. 807, 814-15 (1976);

*Logue v. United States*, 412 U.S. 521, 528-32 (1973).

Count I of Plaintiffs' third amended complaint alleges that Defendant violated the FTCA as

follows:

      a.    Failure to inform Plaintiffs of the water infiltration problem and subsequent finding of mold and mold related issues;

      b.    Failure to inform Plaintiffs through the website or other means of the water infiltration problem and subsequent finding of mold, structural issues, and mold related issues;

      c.    Affirmatively stating that HUD had no knowledge of any issues relating to mold or related claims in the closing documents;

      d.    Failing to provide notice to Plaintiffs of the remediation work performed by HUD and/or its contractors prior to the Property being put up for sale, while it was being put up for sale, and prior to the closing of the Property;

      e.    Cleaning the Property and removing debris from the Property that acted to hide or otherwise conceal the water infiltration problem from Plaintiffs;

      f.    Failing to provide notice to Plaintiffs that their contractor informed them that the Property had significant mold or potential mold problems;

      g.    Failing to remediate the Property to the standards as set forth in HUD's guidelines and procedures for homes to be subsequently sold;

      h.    Failing to provide a property disposition sheet as required through the property disposition insured sales program as required; and

      i.    Other acts of negligence that become known during discovery.

Plaintiffs further contend that Defendant's most "revealing violation" is that they failed to

delete the following language from a document they provided to Plaintiffs at closing despite having

knowledge that the language did not pertain to the premises:

> The Secretary of the U.S. Department of Housing and Urban Development, his/her officers, employees, agents, successors and Assigns (the "Seller") and Michaelson, Connor & Boul, Inc., an independent management and marketing contractor ("M&M Contractor") to the Seller ***have no knowledge*** of radon or ***mold in, on, or around the property***...."  (Docket no. 99).

Plaintiffs maintain that Defendant's negligent act is not the communication itself, but rather the fact

that the communication is contained in the document and should have been removed since it did not

5

apply to the subject property or its closing.

The gravamen of Plaintiffs' negligence claim is that Defendant failed to warn or communicate to Plaintiffs that the premises suffered water damage and that mold was detected in the house. This Court finds that Count I is in practical effect a claim arising out of misrepresentation despite the application of the negligence label. Furthermore, to the extent Plaintiffs contend that Defendant is liable for cleaning the property, removing debris from the property, or for failing to remediate the property to HUD standards, those claims are barred by the contractor exception to the FTCA as Defendant has shown that it turned the day-to-day management, marketing, and disposition of the subject property over to independent contractor Michaelson, Connor and Boul ("MCB"), whose responsibility it was to inspect the property and take all necessary actions to preserve, protect, and maintain properties in HUD's inventory. (Docket no. 94, exs. 1, F-H, J, O-P, S-T). Accordingly, this Court recommends that Count I of Plaintiffs' third amended complaint be dismissed.

The Court further recommends that Counts II and III of the third amended complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III.   **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 15, 2012                          s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 15, 2012                          s/ Lisa C. Bartlett
                                              Case Manager

7